IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GRAHAM L. BANES,

                Plaintiff,

  v.

JON LEVINE, DEBRA JURMU,
STEVEN ACKERMAN, BRENDA EGAN,
AMBER JENSEN, JOHN KARL SCHOLZ,
BETH MEYERAND, and JAKE SMITH,

                Defendants.

OPINION and ORDER

25-cv-37-jdp

---

Plaintiff Graham L. Banes, a scientist who studies primates, contends that defendants, employees of the University of Wisconsin–Madison, retaliated against him because of his previous lawsuit against the Association of Zoos and Aquariums and the Director of the Henry Vilas Zoo. Banes alleges that defendants retaliated against him by not renewing his appointment with the Wisconsin National Primate Research Center and by cancelling his research and funding.

Banes moves to add another defendant, Kelly Marks, who was a human resources associate director in the Office of the Vice Chancellor for Research and Graduate Education at the university. Dkt. 28. Defendants oppose Banes's motion, primarily on the grounds that it's untimely and unfairly prejudicial. Dkt. 34, at 3.[1] Defendants also attack the motion on the merits, arguing that any claims against Marks would be barred by sovereign immunity and there's no evidence that Marks was involved in the alleged retaliation. *See id.* at 4–10.

---

[1] Citations to filings from the docket use the page numbers assigned by CM/ECF, not the page numbers in the original document.

According to Rule 21 of the Federal Rules of Civil Procedure, "On motion or on its own, the court may at any time, on just terms, add or drop a party." When deciding whether to add a party, the court must also apply the principles of Rule 15(a). *Chavez v. Ill. State Police*, 251 F.3d 612, 632 n.4 (7th Cir. 2001). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But courts may deny leave to amend when there is a "good reason" for doing so, such as "futility, undue delay, undue prejudice, or bad faith." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). The court focuses on undue delay and undue prejudice.

Banes's motion comes shortly before the summary judgment deadline, so the timing matters. Banes contends that he wasn't aware of Marks's significance until defendant Deb Jurmu's deposition, which was taken on January 15, 2026. Dkt. 28, at 10. But Banes admits that defendants named Marks as a witness in their initial disclosures; indeed, Marks was the only non-party witness that defendants identified. *Id.* at 11. The parties agreed to exchange initial disclosures within two weeks following the pretrial conference, which was held in mid-May 2025. Dkt. 16 and Dkt. 17. So Banes has long been on notice that Marks had relevant information. But Banes did not move expeditiously to conduct discovery. He didn't promptly depose defendant Jurmu, a key witness, until January 2026. Which meant that he didn't get around to Marks until January 22, 2026. Dkt. 31. Banes's belated discovery of Marks's relevance to his case is the result of his own lack of discovery diligence.

As for undue prejudice to defendants, prejudice is "more likely when an amendment comes late in the litigation and will drive the proceedings in a new direction." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). With just under a week until the deadline for dispositive motions, Dkt. 17, at 3, Banes wants to raise new claims based on new allegations

2

against a new defendant, *see* Dkt. 28. Banes's new claims will certainly be related to his original allegations, so maybe adding Marks wouldn't radically expand or redirect the case. But Banes doesn't disclaim the need for further discovery. And Banes didn't attach a proposed amended complaint to his motion or meaningfully describe what the proposed amendment would look like. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807–09 (7th Cir. 2015). As a result, Banes has not given defendants the fair notice to which they are entitled under the Federal Rules of Civil Procedure. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023). The court would deny Banes leave to amend his complaint based on this presentation.

The court concludes that Banes unduly delayed in moving to add Marks as a defendant, and that adding another defendant just before the summary judgment deadline would unduly prejudice defendants.

ORDER

IT IS ORDERED that: plaintiff Graham L. Banes's motion to add Kelly Marks as a defendant, Dkt. 28, is DENIED.

Entered February 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge